UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ANTONIO S. SENA

    Plaintiff,

v.

CC COMMUNITIES COLORADO, LLC, d/b/a CENTURY COMMUNITIES

    Defendant.

---

**MOTION TO VACATE PARTIAL ARBITRATION AWARD ON PLAINTIFF'S ATTORNEY FEE AWARD**

---

Claimant, Antonio S. Sena ("Sena") states as follows:

### FACTS

On April 9, 2012, the Arbitrator found that the Respondent, CC Communities Colorado, LLC, d/b/a Century Communities (Respondent") violated the Federal Labor Standards Act 29 U.S.C. 201, *et seq.* ("FLSA"). Ex. 1. Sena was the prevailing party and was awarded economic damages in the amount of $29,051.00. The Arbitrator further ruled that Sena was entitled to attorney's fees. Sena timely submitted his request for fees in the amount of $74,735.95.[1] On July 11, 2012, in a separate Order, the Arbitrator ruled that an award of "somewhat in excess of 20% of Mr. Sena's claimed fees" was appropriate. Ex. 2. The Arbitrator based his ruling on *Zinna v. Congrove*, 680 F.3d 1236 (10th Cir. 2012). *Zinna* was reversed and remanded by the Tenth Circuit before the Arbitrator analyzed the fee award under *Zinna*.

The Arbitration Agreement states as follows:

---

[1] Due to the briefing of the attorney fee issue, Claimant's final petition was in the amount of $81,170.95.

1

> Unless ordered otherwise by the arbitration award, each party will bear their own attorney's fees and legal costs. Nevertheless, this Agreement shall in no way be interpreted to limit the statutorily available remedies of either party.

Ex. 3, Arbitration Agreement.

The arbitrator manifestly disregarded the law by stating that *Zinna v. Congrove*, 680 F.3d 1236 (10th Cir. 2012) provided the 10th Circuit's "most current direction" on attorney fees. For the reasons set forth below, Sena's attorney fee award should be vacated and remanded.

## STANDARD OF REVIEW

In Colorado an arbitration award will only be vacated for those reasons enumerated in the FAA, 9 U.S.C. § 10, or for "a handful of judicially-created reasons." *Sheldon v. Vermonty*, 269 F.3d 1202 (10th Cir. 2001) (observing that a district court may set aside an arbitration award based on a violation of public policy, manifest disregard of the law, or denial of a fundamentally fair hearing).

Sena's principal argument on appeal is that the arbitrator's award as to the attorney's fee award should be vacated because the arbitrator acted in manifest disregard of the law. The "manifest disregard" standard is characterized as "willful inattentiveness to the governing law." *Jenkins v. Prudential-Bache Sec. Inc.*, 847 F.2d 631, 634 (10th Cir. 1988).

In some cases, courts have subjected arbitration awards to a generalized abuse of discretion or breach of public policy standard under either the courts' inherent judicial power or under a broad interpretation of 9 U.S.C. § 10(d), prohibiting arbitrators from exceeding their powers. *Seymour v. Blue Cross/Blue Shield*, 988 F.2d 1020 (10th Cir. 1993); *Jenkins v. Prudential-Bache Secur., Inc.*, 847 F.2d 631 (10th Cir. 1988).

## ARGUMENT

**I. Manifest disregard is a proper and evolving standard under Colorado law.**

Arbitration awards that clearly and manifestly disregard the law are reviewable by this Court. The concept of manifest disregard of the law has been evolving in Colorado and the 10th Circuit for some time.

In 1953, the Court in *Wilko v. Swan*, determined a "manifest disregard" of the law is subject to reversal. *Wilko v. Swan*, 346 U.S. 427, 436-37, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953). In *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1463 (10th Cir. 1995), the Court found that an arbitration award may be reviewed for manifest disregard of the law. The Court further held that a "[m]anifest disregard of the law clearly means more than error or misunderstanding with respect to the law," and it requires a "willful inattentiveness to the governing law". *Id.* (internal quotations omitted) (emphasis added).

In 1997, the 10th Circuit recognized that there are "a handful of judicially created reasons" that a district may rely upon to vacate an arbitration award, and these include violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing. *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997) (citations omitted). See also, *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (observing that a district court may set aside an arbitration award based on a violation of manifest disregard of the law, public policy or a denial of a fundamentally fair hearing). Errors in an arbitration panel's interpretation or application of the law are generally not reversible. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1274 (10th Cir. 2005). Manifest disregard of the law is a judicially created exception. "The record must show the arbitrators knew the law and explicitly disregarded it." *Id.* In the matter at hand the arbitrator knew the law and <u>explicitly</u>

disregarded it in order to perform an attorney fee analysis under what he determined "the most current direction on attorney fee awards", that of the reversed and remanded case of *Zinna v. Congrove*.

In 2009, the 10th Circuit specifically left open the argument of whether a manifest disregard of the law remains a valid ground for vacatur of an arbitration award. *DMA Int'l Inc., Qwest Communications Int'l, Inc.*, 585 F.3d 1341, 1345 & n. 2 (10th Cir. 2009). See also *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1176 (10th Cir.2006) (manifest disregard of the law means the arbitrator willfully ignored the governing law); *Coors Brewing Co. v. Cabo*, 114 P.3d 60 (Colo.App.2004) (discussing treatment of manifest disregard of the law in the Federal Circuits). See also *Treadwell v. Village Homes of Colorado, Inc.*, 222 P.3d 398 (Colo.App.Div. 5 2009).

In 2010, the Colorado Appellate Court in *Ahluwalia v. QFA Royalties, LLC*, 226 P.3d 1093 (Colo.App.Div. 3 2009) determined that in order to vacate an arbitration award on the ground of manifest disregard of the law, a court must find that the arbitrator knew of and explicitly disregarded governing law. *Id.*

The Arbitrator's dismissal of the action herein was obviously more than a mere error or misunderstanding of the law. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269 (10th Cir. 2005). The arbitrator committed a manifest disregard of the law by arbitrarily and capriciously discounting Plaintiff's attorney's fees by over 80% by conducting an analysis of a case (*Zinna*) that was found to be arbitrary, and was reversed and remanded.

**II. Analysis of *Zinna v. Congrove* and the *Farrar* Factors**

A.  Sena prevailed with respect to the three *Farrar* Factors. Sena's award was not de **minimis**

The Arbitrator stated that the "most current direction about attorney's fees" comes from *Zinna v. Congrove* which was released on June 5, 2012. *Zinna v. Congrove*, 680 F.3d 1236 (10th Cir. 2012). The *Zinna* court applied the Farrar factors to determine whether the "party's success is merely technical." *Farrar v. Hobby*, 506 U.S. 103 (1992). The Arbitrator herein failed to take into account that the *Zinna* case was reversed and remanded. Ex. 2.

The Arbitrator concluded that "Mr. Sena should receive an attorney fee award of $17,000 which fairly represents the *Zinna v. Congrove* analysis." Ex. 2. The *Zinna* case is not final. Further, the award does not reference the record and fails to address the fact that Sena was the prevailing party. Further, Sena's award of nearly $30,000 is not de minimis, which was a conclusion reached in *Zinna* and accounted for, at least partially, the Court's award.

The first *Farrar* factor (considered the "***most critical factor***") requires consideration of the "difference between the judgment recovered and the recovery sought." *Id.* at 116-22. The Arbitrator concluded that "Mr. Sena prevailed with respect to the first factor." Order p. 3.

The second *Farrar* factor looks to "the significance of the legal issue on which the plaintiff claims to have prevailed." 506 U.S. at 121 (O'Connor, J., concurring). *Id.* at 116-22. *Zinna* did not receive economic damages. Sena did. Sena prevailed on his FLSA claim for overtime. Further, in contrast the first factor, the second factor "goes beyond the actual relief awarded to examine the extent to which the plaintiffs succeeded on their theory of liability." *Id.* There is no question that Sena prevailed on his FLSA claim. Respondent violated the FLSA, yet the Arbitrator somehow claims that "Respondent was successful with respect to the second factor." This is an arbitrary finding and manifestly disregards the law.

5

The Arbitrator manifestly disregarded the law by further finding that *Respondent* was "successful" on the second *Farrar* factor. Sena <u>prevailed</u> on his FLSA claim. Sena was successful, <u>not</u> Respondent.

The third *Farrar* factor considers whether the plaintiff's claim "accomplished some public goal." Farrar, 506 U.S. at 121 (O'Connor, J., concurring). The FLSA was enacted to help set federal standards with respect to working conditions, including such aspects as working hours and overtime. Respondent violated the FLSA. In *Zinna*, Judge Lucero stated "As a rule of thumb the 'more important the right at stake and the more egregious the violation the more likely it is that the victory serves a public purpose.'" *Cartwright v. Stamper*, 7 F.3d 106, 110 (7th Cir. 1993). The entitlement to be paid overtime is an important legal right and serves a very important public purpose. Sena's success was <u>ignored</u> by the Arbitrator in his analysis. Sena is entitled to the reasonable attorney's fees related to his successful FLSA claim.

Sena's success on his FLSA claim contributed to a major public victory and common goal. The Respondent knowingly <u>violated</u> the FLSA. Sena <u>prevailed</u> on this issue. Sena's attorneys should be rightfully and fairly compensated for this success. Respondent <u>never</u> disputed Claimant's hourly rate or any specific time entry. Respondent's attorneys received more than $60,000 in fees and the hours they expended were essentially the same as Claimant's.[2]

The *Zinna* court explained that Plaintiff Michael Zinna's "personal animosity and Congrove's right to respond to criticism under the First Amendment undermined the public purpose and value of the litigation." *Id.* at 1239. Therefore the Court awarded what it declared as the "reasonable costs of presenting the case to the jury." *Zinna* at 1239. The *Zinna* Court in <u>no</u>

---

[2] Respondent provided this information upon Order of the Arbitrator. Respondent only provided information up to, and including, the Arbitration although a significant amount of hours were obviously spent objecting to a fee award. Respondent is a medium sized law firm with over fifteen attorneys. Five (5) attorneys, and at least one (1) paralegal, worked on this matter for Respondent. Claimant's law firm is small consisting of only two (2) attorneys.

way made law establishing that a party may only be paid for the costs of presenting the case in litigation. *Id.* However, the Arbitrator in Sena followed that analysis. The Arbitrator manifestly disregarded the law by determining that *Zinna* was the "most current direction about attorney's fees." Ex. 2.

**B. Sena's Claims Arose from the Same Core of Operative Facts**

In contrast to Sena's arbitration claims, *Zinna's* fee request included claims that did not reach the jury. *Zinna*, 680 F.3d at 1239. Sena presented two claims, violation of the FLSA and violation of public policy related worker's compensation. Both claims were submitted to arbitration and both claims arose from the <u>same</u> core of operative facts.

In cases where the plaintiff's claims involve "a common core of facts or [are] based on related legal theories" and cannot be viewed as a series of discrete claims, the court "must focus on the significance of the overall relief obtained by the plaintiff." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). "If the plaintiff has obtained 'excellent results', the attorney fees should encompass <u>all</u> hours reasonably expended; no reduction should be made because the plaintiff failed to prevailed on every contention[.]" *Id.*

**C. The Purpose of the FLSA**

In *Phelps v. Hamilton*, 120 F.3d 1126 (10th Cir. 1997), the court stated that in enacting §1988, Congress pointed out that "[a]ll of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain." S.Rep.No. 1011, 94th Cong., 2nd Sess. 2 (1976), reprinted in 1976 U.S.C.C.A.N. 5908, 5910.

29 U.S.C. 216(b) states in relevant part:

>(b) Damages; right of action; attorney's fees and costs; termination of right of action
>
>\*\*\*
>
>The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

*Id.*

In view of this clearly expressed congressional intent, our circuit has recognized that the "district court's discretion to deny fees to a prevailing party **is quite narrow**." *Wilson v. Stocker*, 819 F.2d 943, 951-52 (10th Cir. 1987) (emphasis added), (citing *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1474 (10th Cir. 1985)). The FLSA, codified at 29 U.S.C. 260, is also a law that depends "heavily upon private enforcement". As with §1988 "fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies" which the FLSA laws contain. See, *Phelps* at 1131.

## CONCLUSION

This is not a case of Sena's simply disagreeing with the outcome of an arbitration award. The Arbitrator in the instant case took the matter out of the hands of the judiciary and willfully disregarded Colorado case law. Manifest disregard is an evolving standard. Arbitration awards that result from knowing disregard of the case law should be appealed. While there are gray areas as to what type of activity has sufficient public interest and benefit to be classified as a public policy, prevailing under the FLSA is not a gray area.

"[Fees] are not meant to compensate plaintiffs, but rather to encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected." Sand v. Greenberg,

2010 U.S. District LEXIS 1120 (S.D.N.Y. Jan. 4, 2010). A reduction of Sena's fee award is inequitable and was a manifest disregard of the law.

The Arbitrator's Award as to Attorney's Fees should be vacated and reversed, and the matter remanded.

Respectfully submitted this __6TH__ day of August, 2012.

                              ELWYN F. SCHAEFER, P.C.

                              *s/ Elwyn F. Schaefer*
                              Elwyn F. Schaefer
                              Sara A. Green
                              1801 Broadway, Suite 550
                              Denver, CO 80202
                              (303) 825-1961
                              elwyn.schaefer@qwestoffice.net

## CERTIFICATE OF SERVICE

I do hereby certify that on August ___6th___, 2012, the MOTION TO VACATE PARTIAL ARBITRATION AWARD ON PLAINTIFF'S ATTORNEY'S FEE AWARD was e-served to the following parties via ECF:

Christopher J. Dawes
633 17th Street, Suite 2700
Denver, CO 80202-3635
cdawes@lrflegal.com

            *s/ Jessica Hyde*