IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Civil Action No. **12-cv02059-JLK**

**SENA,**

Plaintiff,

v.

**CC Communities Colorado, LLC,**

Defendant

___

MEMORANDUM OPINION AND ORDER
___

Kane, J.

      Claimant moves to vacate Partial Arbitration Award on Plaintiff's Attorney Fee Award (Doc. 1).  Claimant was the prevailing party in a FLSA case in which he was awarded economic damages for a little under $30, 000.  The Arbitrator further ruled that Claimant was entitled to attorney fees in an amount "somewhat in excess of 20% of [Claimant's] claimed fees."  Claimant takes umbrage because he is not getting full attorney fee compensation.  While it is true that Claimant would be entitled to 100% of his reasonable fees if those fees were only for his FLSA claims, Claimant also brought and lost common law claims in conjunction with his FLSA action, and it is because of those, which took up the bulk of counsel's billing, that the Arbitrator discounted Claimant's award.

As I have previously noted, "[j]udicial review of an award following properly conducted arbitration proceedings is extremely narrow…' " *Checkrite of San Jose, Inc., v. Checkrite, Ltd.,* 640 F.Supp. 234, 235–36, (D.Colo.1986), *quoting United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960).  Here, there is no contention by Claimant that proceedings were improperly conducted; Claimant merely argues that the discounting was not legally proper.  Claimant is in error.  It was perfectly permissible for the Arbitrator to take into consideration the fact that Claimant was unsuccessful with respect to his resource-intensive common law claims and to reduce his award of attorney fees accordingly.

In *Hensley v. Eckhart*, 461 U.S. 424, 431-35, the Supreme Court declared that where the plaintiff has failed to prevail on a claim distinct from his successful claim(s), the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley v. Eckhart*, 461 U.S. 424, 431-35 (1983).  *See also Browder v. City of Moab*, 427 F.3d 717, 723 (10th Cir. 2005)("Plaintiff can only obtain an award of attorney fees for time spent prosecuting the successful claims as well as those related to it.); *Gudenkauf v. Stauffer Communications, Inc.* 158 F.3d 1074, 1077 (10th Cir.1998) (affirming trial court's attorney fee award of one half of plaintiff's fee request where the reduction omitted attorney hours spent on claims the plaintiff lost on summary judgment and that were not directly related to the claim on which she succeeded at trial).  Thus, the Arbitrator had a sound legal basis for reducing the award.  The motion is denied.

Dated: September 13, 2012                               BY THE COURT:
                                                        **/s/John L. Kane**
                                                        Senior U.S. District Court Judge